IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br>**(1) 1,576 LBS., MORE OR LESS, OF POULTRY CARCASSES;**<br>**(2) 274 LBS., MORE OR LESS, OF CHICKEN FEET, HEADS, LIVERS, GIZZARDS & CARCASS TRIMMINGS;**<br>**(3) 650 LBS., MORE OR LESS, OF A BEEF CARCASS & 2 BEEF HEADS; and**<br>**(4) 600 LBS., MORE OR LESS, OF HOG CARCASSES,**<br><br>**Defendants** *in rem*. | No. |

**VERIFIED COMPLAINT FOR SEIZURE AND CONDEMNATION**
**(LIBEL OF INFORMATION)**

Plaintiff United States of America brings this civil seizure and condemnation action under 21 U.S.C. §§ 467b and 673 and in accordance with Rule C ("In Rem Actions") of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (which supplement the Federal Rules of Civil Procedure), and avers as follows on information and belief:

**INTRODUCTION**

1.  This action is brought *in rem* to enforce the provisions of 21 U.S.C. §§ 467b and 673 for the seizure and condemnation of: (a) 1,576 pounds, more or less, of poultry (chicken) carcasses; (b) 274 pounds, more or less, of chicken feet, heads, livers, gizzards, and carcass trimmings; (c) 650 pounds, more or less, of a beef carcass and two beef heads; and (d) 600 pounds, more or less, of hog carcasses. These defendant articles (a portion of which may be

adulterated) have never been federally inspected, remain capable of use as human food, and (on information and belief) were intended for sale in commerce, all in violation of the Poultry Products Inspection Act ("Poultry Act" or "PPIA"), as amended (21 U.S.C. § 451 *et seq.*), and the Federal Meat Inspection Act ("Meat Act" or "FMIA"), as amended (21 U.S.C. § 601 *et seq.*).

2. The Meat and Poultry Acts authorize the United States here to proceed against, seize, and condemn the defendant articles "on a libel of information," with "the proceedings . . . [to] conform, as nearly as may be, to . . . proceedings in admiralty[.]" 21 U.S.C. §§ 467b(a)(1), (4); 21 U.S.C. §§ 673(a)(1), (4).

### JURISDICTION, THE PARTIES, AND VENUE

3. The Court has jurisdiction over the subject matter and the *in rem* properties under 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. §§ 467c and 674.

4. The United States Department of Agriculture's Undersecretary for Food Safety has delegated to the Administrator of USDA's Food Safety and Inspection Service ("USDA FSIS") the authority to administer and enforce the Meat and Poultry Acts.

5. Plaintiff is the United States of America, on behalf of USDA FSIS.

6. The defendant poultry, beef, and hog carcasses, chicken parts, and beef heads are all: (a) located at Miller's Organic Farm, 648 Mill Creek School Road, Bird-in-Hand, Pennsylvania 17505; and (b) currently detained there by USDA FSIS as authorized under 21 U.S.C. §§ 467a and 672.

7. Amos Miller owns and operates Miller's Organic Farm and resides at the farm address.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1395, because violations of the Meat Act and the Poultry Act occurred—and the defendant articles are located—in Lancaster County, Pennsylvania, which is within this District.

9. Plaintiff United States requests that the Court—upon the filing of this Complaint, and pursuant to Supplemental Rule C(3)(a)—issue an arrest warrant *in rem*, which the United States will execute upon the defendant articles under Supplemental Rule C(3)(b).

## FACTUAL ALLEGATIONS

### The Permanent Injunction Action and Order

10. On April 19, 2019, the United States, on behalf of USDA FSIS, filed a complaint in the Eastern District of Pennsylvania to enjoin Miller's Organic Farm ("Miller's") and Amos Miller from continuing, without federal inspection, to slaughter, process, prepare, sell, offer for sale, transport, and/or offer to transport in commerce meat, meat food products, and poultry products that are capable of use as human food. *See USA v. Miller's Organic Farm and Amos Miller*, EDPA No. 19-cv-1435 ("the Injunction Action"), Dkt. Entry No. 1.

11. In the Injunction Action, on November 19, 2019, the Honorable Edward G. Smith granted summary judgment in favor of the United States and permanently enjoined Amos Miller and Miller's, as well as persons "in active concert or participation with them," from violating the Poultry Act and the Meat Act. *See* Injunction Order, Dkt. Entry No. 44 in the Injunction Action, Exhibit "A" hereto, at ¶¶ 7, 25.

12. In the Injunction Order, the Court specifically:

    a. **Permanently enjoined defendants** Amos Miller and Miller's **"from slaughtering livestock or poultry, and then preparing, processing**, selling, transporting, and/or offering for sale or transport any meat, meat food products, or poultry products that are

3

required to be USDA-inspected and USDA-passed **unless they have been so inspected and passed**," *see* Injunction Order at p. 4 ¶ 7(a) (bold added) and at p. 5 ¶ 8 ("[defendants] will not slaughter livestock or poultry, and then prepare or process meat, meat food products, or poultry products, until FSIS issues a Federal Grant of Inspection");

      b.    **Permanently enjoined those defendants "from failing to comply with all requirements of the FMIA, PPIA, and their implementing regulations that apply to slaughtering livestock or poultry, and/or then preparing, processing, selling,** transporting, or distributing meat, meat food products, or poultry products. These implementing regulations include, but are not limited to, those imposing requirements for: (i) inspection; (ii) labeling; (iii) sanitation (including sanitation performance standards and standard operating procedures); (iv) Hazard Analysis and Critical Control Point (HACCP) systems; and (v) *Listeria monocytogenes* and/or other pathogen sampling, testing, and other program obligations, as provided under 9 C.F.F. § 302.1 and 9 C.F.R. Parts 310, 317, 381, 412, 416, 417, 418, and 430," *see* Injunction Order at p. 5 ¶ 7(d) (bold added);

      c.    Ordered that those defendants must not conduct any slaughter, processing, or preparation under a "custom" exemption without first obtaining USDA FSIS and/or judicial approval of an "Exempt Plan" for such operations, *see* Injunction Order, at pp. 6-10 & ¶ 10; and

      d.    Ordered that: (i) Amos Miller and Miller's would be permitted to forgo applying for a USDA Federal Grant of Inspection **only if** they were to take to a federally inspected facility or facilities, for slaughter and processing, all of Miller's livestock and poultry that are "amenable" (that is, subject to the Meat Act or Poultry Act), that are intended for human consumption, and that are not otherwise exempt; (ii) **but** even if such a federally inspected facility were to slaughter and process all such livestock and poultry, Miller's further processing

of the products would have to be done "as an exempt retail store in accordance with 9 C.F.R. §§ 303.1(d) or 381.10(d)," which include the requirement, among others, that Miller's comply with Commonwealth of Pennsylvania and local licensing requirements and applicable food codes. *See* Injunction Order at pp. 5-6, ¶ 9.

13. In the Injunction Order, the Court further ordered and recognized that "authorized representatives of USDA FSIS may—in accordance with applicable laws and regulations—detain, and seek judicial seizure of, any non-federally-inspected, adulterated, misbranded, or not-exempt-from-inspection meat, meat food product, or poultry product observed at Miller's Organic Farm that is in violation of 21 U.S.C. §§ 458, 461, 467c, 610, 674, or 676." *See* Injunction Order at p. 11 ¶ 13; *see also id.* at p. 14 ¶ 21 ("This Order does not limit any rights or remedies available to the United States for any violation of the [Meat Act or the Poultry Act] and their respective regulations"); 21 U.S.C. §§ 467a, 672.

14. The Court also ordered that: "Should enforcement proceedings beyond [the Injunction] Order be necessary, [Amos Miller and Miller's] agree that the United States shall be entitled to recover from the[m] . . . all court costs and expenses incurred by FSIS in such proceedings, including investigation and preparation time and attorneys' fees for the USDA and the United States Attorney's Office." *See* Injunction Order, at p. 13 ¶ 19 and p. 14 ¶ 20 (providing that USDA FSIS' expenses "include . . . investigation and preparation time, at the rate of $45.00 per hour per USDA employee").

### The Consent Decree/Order and the First Condemnation Action

15. As Amos Miller and Miller's Organic Farm acknowledged in recitals in an April 2020 Consent Decree in the Injunction Action, USDA FSIS investigators visited Miller's in

5

December 2019 and January 2020 and found, among other violations of the Injunction Order, that:

> in December [2019], Miller's slaughtered and processed 'amenable' animals without federal inspection (Miller's disposed of the resulting parts after FSIS 'detained' them . . .); [and] . . . in January [2020], Miller's slaughtered additional beef animals without federal inspection (resulting in approximately 2,100 pounds of beef carcasses), and custom-slaughtered a hog without a required custom-exempt plan (FSIS detained the resulting beef and hog carcasses, but later released the hog carcass for the owner's personal use).

*See* Consent Decree, Injunction Action Dkt. No. 67, Exhibit "B" hereto, at pp. 4-5 (further reciting and thereby conceding that the 2,100 pounds of detained beef carcasses were: (a) initially unlabeled; (b) capable of use as human food; (c) slaughtered or prepared without required USDA FSIS federal inspection; and (d) being—the investigators believed—offered or intended for sale).

   16. On February 10, 2020, the United States filed *United States of America v. 2,100 Pounds, More or Less, of Meat Carcasses, Parts of Carcasses, and Meat Food Products, and 34,062 Pounds, More or Less, of Meat Food Products and Poultry Products*, an *in rem* civil action docketed at EDPA No. 20-757 ("the First Condemnation Action").

   17. In the First Condemnation Action:

    a. On February 20, 2020, the U.S. Marshals Service arrested/seized the defendant articles—including the "approximately 2,100 pounds of meat carcasses and parts that FSIS investigators observed and detained at Miller's in January 2020"—"but left the articles in place (frozen and stored) at Miller's pending a condemnation hearing," *see* Consent Decree, at p. 6; and

6

  b. The United States "allege[d] that the defendant meat and poultry articles were subject to the [Meat and Poultry] Acts, were capable of use as human food, were slaughtered, processed, and/or prepared in violation of the Acts because without federal inspection, and were therefore prohibited from sale, offer for sale or transportation, or receipt for transportation in commerce." *Id.*

 18. In the April 16, 2020 Consent Decree in the Injunction Action, the Court ordered, adjudged, and decreed in part that:

  a. Defendants Amos Miller and Miller's Organic Farm had "engaged in conduct" as stated in the parties' recitals "that violates the Acts and the Injunction Order," *see* Consent Decree, at p. 8 ¶ 2;

  b. Those defendants were required to "**cease and desist all meat-and-poultry-related slaughtering, processing, custom-exempt operations, and retail-exempt operations** (including retail-exempt operations conducted under 9 C.F.R. §§ 303.1(d) and 381.10(d)) **unless and until defendants can demonstrate to FSIS compliance with applicable federal and State laws, including Commonwealth of Pennsylvania licensing requirements, as required by the Injunction Order**," *see* Consent Decree, at p. 8 ¶ 4 (bold added); and

  c. "Defendants must and shall remove from their websites and from their agents' websites (including but not limited to Miller's Facebook page, the Amos Miller Organic Farm website, and the Miller's Organic Farm website) all references to the availability of 'fresh' or 'non-frozen' meat, meat food products, poultry, and poultry products, until such time, and except to the extent, that Miller's is in compliance with applicable federal and State laws, including Commonwealth of Pennsylvania retail licensing requirements." *See id.* at p. 8 ¶ 5.

19. Paragraph 7 of the Consent Decree allowed Amos Miller and Miller's a period to dispose of the 2,100 pounds of beef carcasses that those defendants had (in violation of the Injunction Order) slaughtered in January 2020. *See* Consent Decree at p. 12 ¶ 7. By no later than August 2020, those products had been distributed or disposed of under USDA FSIS' oversight and with the consent of the interested parties, thereby mooting the need for a condemnation hearing and further proceedings in the First Condemnation Action. *See* Order, Docket Entry No. 12 in the First Condemnation Action, at p. 4.

**USDA FSIS' Post-Injunction-Order Investigative Findings and Product Detention**

20. Amos Miller's and Miller's violations of the Injunction Order, the Consent Decree, and the Acts have since continued.

21. As of May 2021, Amos Miller and Miller's have ceased taking their livestock and poultry to a federally inspected facility for slaughter. *See* Declaration of USDA FSIS Investigator Paul Flanagan (Flanagan Decl.), Exhibit "C" hereto, at ¶¶ 11-14, 23.

22. On May 25, 2021, Amos Miller acknowledged to USDA FSIS investigators that he had been slaughtering livestock and poultry at Miller's and that his employees were in the process of slaughtering chickens, which the investigators then observed. *Id.* at ¶¶ 12-14, 19 (noting that Miller's continued to slaughter hundreds of chickens for an additional seven hours after the investigators arrived on May 25, despite an investigator's warning that Mr. Miller was in violation of the Court's orders and that the slaughtered products would be detained).

23. On that occasion, USDA FSIS investigators observed and placed under U.S. detention the following products that appeared recently slaughtered and that were void of any USDA inspection legend: (a) approximately 1,576 pounds of poultry (chicken) carcasses (to which the investigators affixed U.S. Detained Tag Numbers 129060, 129061, 129062, and

530782); (b) approximately 274 pounds of chicken feet, heads, livers, gizzards, and carcass trimmings (to which the investigators affixed U.S. Detained Tag Numbers 129055, 129056, and 129057); (c) approximately 650 pounds of meat consisting of a beef carcass and two beef heads (to which the investigators affixed U.S. Detained Tag Numbers 129054 and 129058); and (d) approximately 600 pounds of hog carcasses (to which the investigators affixed U.S. Detained Tag Number 129059). *See* Flanagan Decl., at ¶¶ 16, 17, 18, and 20.

24. None of those products that USDA FSIS observed and detained had any tags attached to them identifying the animals' owners or indicating that the carcasses were "not for sale." *Id.* at ¶ 17.

25. Also on May 25, 2021, Mr. Miller told the USDA FSIS investigators that: (a) he did not have any records related to purchase of the livestock and poultry that USDA FSIS detained that day; (b) he did not have any records (including any sales invoices) relating to the purchase or sale of Miller's livestock and poultry products more generally; and (c) the beef carcass belonging to a detained beef head had "probably" been further processed, cut up, and sold to his customers. *See id.* at ¶¶ 15, 22.

26. When USDA FSIS investigators returned to Miller's on May 28, 2021, they: (a) oversaw the freezing (to avoid spoiling) of the poultry and poultry parts that USDA FSIS had detained on May 25, 2021; and (b) approved Mr. Miller's request to cut up the three detained hog carcasses into large pieces, place them in barrels, and move them to a freezer for storage in order to avoid spoilage. *Id.* at ¶ 24.

27. On June 4, 2021, a USDA FSIS investigator, a USDA FSIS District Veterinary Medical Specialist, and a USDA FSIS Supervisory Veterinarian visited Miller's to determine:

(a) the ages of the two detained beef heads; and (b) whether Specified Risk Materials ("SRMs") had been removed from the associated beef carcasses. *See* Flanagan Decl. at ¶ 25.

28. This was necessary because, if a meat food product that is intended for human consumption contains SRMs, then it is adulterated and unfit for human food. *See* 21 U.S.C. § 601(m)(3); *see also* Flanagan Decl. ¶¶ 26, 30.

29. During USDA FSIS' examination of the two detained beef heads on June 4, 2021, USDA FSIS concluded that: (a) one was over 30 months old; (b) the other was under 30 months old; and (c) there was no way to determine which (if either) belonged to the detained beef carcass that was located in Miller's cooler. *See* Flanagan Decl. ¶ 27.

30. On that occasion, USDA FSIS observed skull, eye, spinal cord, and vertebral materials in the detained beef carcass and the detained beef heads that would be SRMs if associated with an animal over 30 months old. *Id.* ¶ 28.

31. USDA FSIS thus has reason to believe that Miller's may have prepared, offered for sale, sold, offered for transport, and/or transported, in commerce, adulterated meat product (*i.e.*, meat product containing SRMs), including in connection with one or more of the defendant articles, in violation of 21 U.S.C. § 610(c)(1). *See* Flanagan Decl. ¶ 30.

## CLAIM FOR SEIZURE AND CONDEMNATION

32. The United States incorporates by reference as if fully stated here the averments contained in Paragraphs 1 through 31 of this Complaint.

33. The defendant poultry carcasses, chicken parts, single beef carcass, beef heads, and hog carcasses are subject to the provisions of the Meat Act and the Poultry Act because Miller's Organic Farm and Amos Miller: (a) slaughtered and/or processed these articles, which

are capable of use as human food; (b) packaged and stored the articles; and/or (c) on information and belief, intended to offer for sale and/or sold the articles in commerce.

34. In violation of 21 U.S.C. §§ 458(a)(1) and 610(a), as well as the Injunction Order and the Consent Decree, the defendant poultry carcasses, chicken parts, beef carcass, beef heads, and hog carcasses, which are capable of use as human food, were not slaughtered, processed, and/or prepared under federal inspection.

35. The defendant poultry carcasses, chicken parts, beef carcass, beef heads, and hog carcasses—because they are capable of use as human food; because they were not federally inspected; and because defendants did not comply with federal and State laws that would entitle them to conduct custom-exempt or retail-exempt operations—are prohibited from sale, offer for sale or transportation, or receipt for transportation in commerce under: (a) 21 U.S.C. §§ 458(a)(2)(B) and 610(c)(2); (b) the Injunction Order; and (c) the Consent Decree.

36. Based upon the facts set forth in the attached Declaration of USDA FSIS Compliance Investigator Paul J. Flanagan, the defendant poultry carcasses, chicken parts, beef carcass, beef heads, and hog carcasses are subject to seizure and condemnation.

WHEREFORE, plaintiff United States of America respectfully requests the Court:

A. In accordance with Supplemental Rule C(3)(a), to issue a warrant for the arrest *in rem* of the defendant carcasses (poultry, beef, and hog), chicken parts, and beef heads;

B. To order that the defendant carcasses, chicken parts, and beef heads be condemned and that, at all times during the pendency of this civil action, the United States hold the articles at their current Miller's Organic Farm location, for

   disposition in accordance with 21 U.S.C. §§ 467b and 673 and Supplemental Rule E(4)(b);

C. In accordance with Supplemental Rule C, to give notice to interested parties to appear and show cause why the seizure and condemnation should not be decreed; and

D. To grant the United States enforcement costs and expenses, as well as such other and further relief as this Court may deem just and proper.

        JENNIFER ARBITTIER WILLIAMS
        ACTING UNITED STATES ATTORNEY

        <u>/s/ Charlene Keller Fullmer, for</u>
        GREGORY B. DAVID
        Assistant United States Attorney
        Chief, Civil Division

        _____
        GERALD B. SULLIVAN
        Assistant United States Attorney
        PA I.D. No. 57300
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106-4476
        (215) 861-8786
        (215) 861-8618 (fax)

**OF COUNSEL**:
Sheila H. Novak, Assistant General Counsel
Tracey Manoff, Attorney
Marketing, Regulatory, and Food Safety Programs Division
Office of the General Counsel
U.S. Department of Agriculture
14th & Independence Ave., S.W. (South Bldg.)
Washington, D.C. 20250-1400

## **VERIFICATION**

I, Paul J. Flanagan, am a Compliance Investigator for the Compliance and Investigations Division, Office of Investigation, Enforcement, and Audit, Food Safety and Inspection Service. I am assigned to the investigation of this matter. I verify, under penalty of perjury, and as further stated in my attached Declaration, that the facts in the Verified Complaint *in rem* of the United States are true and correct to the best of my knowledge as of the June 14, 2021 date of filing of the Verified Complaint, and are based upon information obtained by me and other FSIS investigators during our investigation of Miller's Organic Farm in our capacities as FSIS compliance investigators.

_____
Paul J. Flanagan
Compliance Investigator
Compliance and Investigations Division
Office of Investigation, Enforcement and Audit
Food Safety and Inspection Service
U.S. Department of Agriculture